# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK CLARK and WILLIAM PERSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| YRC FREIGHT and INTERNATIONAL ) | Case No. _____ |
| BROTHERHOOD OF TEAMSTERS ) | |
| LOCAL 41, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, separate Defendant International Brotherhood of Teamsters Local 41 ("Union"), hereby gives notice of the removal of this action from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri. In support of this removal, Defendant Union states:

### Introduction

1. On or about June 23, 2014, Plaintiffs filed their Petition for Damages ("Petition") against the Defendants in the Circuit Court of Jackson County, Missouri at Kansas City. The case is styled *Mark Clark and William Person v. YRC Freight and International Brotherhood of Teamsters Local 41,* Case No. 1416-CV15005. A copy of Plaintiffs' Petition is appended to this Notice of Removal.

2. Defendant Union first received a copy of Plaintiffs' Petition on July 1, 2014. Removal of this action is timely based upon the date of service of Plaintiff's Petition.

1

3. Plaintiffs allege that their employer, YRC Freight, discriminated against them on the basis of race, age, and disability, and retaliated against them in violation of the Missouri Human Rights Act. (Petition, ¶¶ 44-55).

4. Plaintiffs' Petition contains one allegation against Defendant Union in paragraph 40, which states: "Plaintiffs were not properly represented by their Agent Ron Cole." Mr. Cole represented the Plaintiffs in their grievance proceedings after their employment with YRC Freight was terminated. (Petition, ¶¶ 37, 39).

5. As a remedy for the Defendants' alleged acts, Plaintiffs Petition alleges that they are entitled to recover compensatory damages for emotional pain and suffering, mental anguish, and stress, attorneys' fees, reinstatement and/or front pay, punitive damages, and other emoluments of employment. (Petition, ¶¶ 44-55).

## DFR Preemption

6. The Union is the exclusive bargaining agent of persons who are members of the bargaining unit(s) represented by the Union. This bargaining unit is comprised of employees of those employers who have recognized the Union as the exclusive bargaining representative for the members of the bargaining unit. The bargaining unit represented by the Union includes all driver employees working for employers recognizing the Union.

7. Plaintiffs were members of the Union at all relevant times alleged in the Petition.

8. Defendant YRC Freight is an employer who has recognized the Union as the exclusive bargaining representative for members of the bargaining unit.

9. A petition filed in state court may be removed to federal court if the state petition artfully pleads state claims that are completely preempted by the federal labor laws. *See, e.g.*,

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The complete preemption doctrine "allows removal to a federal court even though the federal question does not appear on the face of the complaint." *King v. Hoover Group, Inc.*, 958 F.2d 219, 222 (8th Cir. 1992).

10. Under the doctrine of complete preemption, this Court has original jurisdiction over Plaintiffs' alleged state-law claims pursuant to 28 U.S.C. §§ 1337 and 1331. This action arises under Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. 159(a), because Plaintiffs are alleging the violation of the exclusive federal "duty of fair representation" ("DFR") that arises by virtue of the Union's authority under NLRA Section 9(a) to act as the exclusive bargaining agent of the bargaining unit(s) of which Plaintiffs are members. As such, Plaintiffs' purported state law claim is completely displaced and pre-empted by the duty of fair representation, allowing removal of their preempted claims to federal court. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 83-84 (1989) (holding DFR claims arise under the NLRA, such that federal jurisdiction lies under 28 U.S.C. § 1337(a), granting federal jurisdiction of any civil action "arising under any Act of Congress regulating commerce"); *BIW Deceived v. Industrial Union of Marine & Shipbuilding Workers of America Local S6, et al.*, 132 F.3d 824, 831-32 (1st Cir. 1997) (holding that "a district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation"); *Richardson v. United Steelworkers of America*, 864 F.2d 1162, 1168 (5th Cir. 1989) (holding state law claims based upon union's misrepresentations to bargaining unit members completely preempted by DFR, and thus, were removable to federal court); *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local 173*, 983 F.2d 725, 729 (6th Cir. 1993) (holding plaintiff's "purported state claims

3

against the Union are clearly related to its duty of fair representation. Thus, federal law clearly preempts them. . . . Consequently it is clear error for the district court to have remanded" to state court the removed state-law claims); *Thomas v. National Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000) (holding that removed action claiming union violated state law by agreeing with employer to discriminate based upon plaintiff's religious beliefs was within the scope of union's federal duty of fair representation, and thus, was preempted by federal labor law).

11. In the present case, the Petition plainly states, "Plaintiffs were not properly represented by their Agent Ron Cole." (Petition, ¶ 40). The Union's authority to represent Plaintiffs as their collective bargaining agent, however, arises solely under NLRA § 9(a), which grants exclusive authority to a single representative of the bargaining unit employees. When the union assumes its authority to act as the exclusive bargaining agent, it also assumes its corresponding federal statutory duty of fair representation. *See, e.g.*, *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (stating that "the exclusive agent's statutory **authority** to represent all members of a designated unit includes a statutory **obligation** to serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct") (emphasis added); *Beavers v. United Paperworkers Int'l Union*, 72 F.3d 97, 100 (8th Cir. 1995) (stating "Because a union enjoys the exclusive right to represent its members in the collective bargaining process, the federal labor laws impose upon the union a duty of fair representation 'akin to the duty owed by other fiduciaries to their beneficiaries.' This duty is breached 'when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'") (internal citations omitted);

4

*Thompson v. United Transportation Union*, 599 F. Supp. 2d 1075, 1083 (N.D. Iowa 2008) (stating "Under [the DFR], the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.") (internal citations omitted).

12. Federal labor law completely preempts all state law claims that are premised upon a union's performance of its exclusive federal right, and corresponding exclusive duty, to represent all members of a particular bargaining unit. *See Vaca v. Sipes*, 386 U.S. at 177 (stating "It is obvious that [plaintiff's] complaint alleged a breach by the Union of a duty grounded in federal statutes, and that federal law therefore governs his cause of action."); *Anderson v. United Paperworkers Int'l Union*, 641 F.2d 574, 578 (8th Cir. 1981)("The duty of fair representation arises out of the union-employee relationship and pervades it.") (internal citations omitted). The complete preemptive force of federal labor law specifically extends to state-law causes of action based upon alleged discrimination by a union. *See Farmer v. United Brotherhood of Carpenters and Joiners of America*, 430 U.S. 290, 305 (1977) (holding state-law causes of action based on union discrimination are preempted, although state-law tort of outrageous conduct is not preempted if the claim is "either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself."). Accordingly, the duty of fair representation completely preempts claims brought under state anti-discrimination statutes where the gravamen of the plaintiff's claim is that the union failed to properly represent the plaintiff's interest in exercising the authority conferred by Section 9(a) upon the exclusive bargaining agent. *See Pitts v. Plumbers and Steamfitters Local Union No. 33*, 718 F. Supp. 2d 1010, 1018-

5

19 (S.D. Iowa 2010)(citing multiple cases from federal courts holding that state-law based discrimination claims against unions are preempted by and removable under federal DFR); *Jones v. Truck Drivers Local Union No. 299*, 838 F.2d 856, 860-61 (6th Cir. 1988) (holding federal duty of fair representation preempted claim against union based upon state sex discrimination statute, since DFR covers "unfair representation whether by reason of sex discrimination, handicap discrimination, or a willful breach of responsibility to carry out clear terms of a collective bargaining agreement for the benefit of union members and employees"); *Scott v. Graphic Communications Union Local 97-B*, 93 FEP 804 (3d Cir. 2004) (holding plaintiff's state-law discrimination and harassment claims derived from union's DFR, and thus, were preempted by that same duty); *Jackson v. T&N Van Service*, 117 F. Supp.2d 457, 464 (E.D. Pa. 2000) (collecting cases and holding that plaintiff's claim against union under state discrimination statute was preempted, since union's "conduct in this case involves investigating complaints or grievances and, thus, implicates the Union's obligation to ensure non-discriminatory, good faith representation of the employees within the T&N bargaining unit").

13. Plaintiffs' Petition is based upon the Union's alleged improper representation of Plaintiffs during the grievance proceedings following Plaintiffs' termination from Defendant YRC Freight. Such claims fall squarely within the scope of the duty of fair representation, which preempts all state-law claims seeking recovery based on such representation. *See, e.g.*, *Vaca v. Sipes*, 386 U.S. at 189 (holding jury verdict against union for refusing to arbitrate termination could not be upheld because jury had been allowed to impose liability on union under state-law standards "inconsistent with governing principles of federal law"); *Breininger v. Sheet Metal Workers*, 493 U.S. 67 (1989) (holding duty of fair representation applies to claims of union's discriminatory refusal to refer bargaining unit members for employment through union hiring

6

hall, and the federal courts have federal jurisdiction to hear such claims); *Pitts v. Plumbers and Steamfitters Local Union No. 33*, 718 F. Supp. 2d 1010, 1018-19 (S.D. Iowa 2010) (citing multiple cases from federal courts holding that discrimination claims against unions are preempted by and removable under federal DFR); *Smith v. Local Union No. 110*, 681 F. Supp. 2d 995, 998 (D. Minn. 2010) (plaintiff who claimed the Union "'fail[ed] to represent' him in the negotiations with his employer" plainly alleged a removable "fair representation" claim); *Lindsey v. ATU Int'l*, 2008 WL 2434302, at *3 (N.D. Tex. June 17, 2008) (denying motion to remand where plaintiffs couched complaint in state law terms but were in reality claiming the union breached its duty of fair representation, and therefore, state law claims were preempted by DFR giving federal court jurisdiction).

### Section 301 Preemption

14. Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, completely preempts and allows removal of "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987).

15. Plaintiffs allege that they were not properly represented by the Union in the course of its handling of the grievances over Plaintiffs' terminations by their employer. In order to establish a right to recovery against either their Union or employer in this circumstance, Plaintiffs must prove the two essential elements of a "hybrid" § 301 action: (1) the Union breached its duty of fair representation in its handling of the grievance; and (2) the employer breached the collective bargaining agreement by terminating Plaintiffs. *See, e.g., Chauffeurs, Teamsters & Helpers v. Terry,* 494 U.S. 558, 564 (1990)("Whether the employees sues both the

7

labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective bargaining agreement and that the union breached its duty of fair representation."); *Jones v. United Parcel Service,* 461 F.3d 982, 994 (8th Cir. 2006)*.*

16. Plaintiffs' exclusive claim against the Union is necessarily founded on rights created by the collective bargaining agreement and is also substantially dependent on analysis of the collective bargaining agreement, because their right to recover against the Union requires that they also establish a breach of the collective bargaining agreement. It follows that Plaintiffs' claims against the Union are completely preempted and removable under LMRA § 301. *Trustees of Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 330 (8th Cir. 2006) (LMRA § 301 completely preempts state law claims "founded on rights created by" a collective bargaining agreement or "whose resolution is substantially dependent upon or 'inextricably intertwined' with interpretation of the terms of such an agreement"); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (even tort claims are governed by federal law if their evaluation is "inextricably intertwined with consideration of the terms of [a] labor contract").

17. By virtue of this Court's original jurisdiction, this case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

18. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in this action are appended to this Notice.

19. In accordance with 28 U.S.C. § 1446(d), Defendant is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri using the Missouri eFiling System and is serving a copy of this Notice upon Plaintiffs, as stated in the attached Certificate of Service.

20. In accordance with 28 U.S.C. § 1446(b), Defendant Union has conferred with counsel for separate Defendant YRC Freight, which consents to removal of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

By: /s/ Carol A. Krstulic
Charles R. Schwartz
crs@blake-uhlig.com
Carol A. Krstulic, MO #62413
cak@blake-uhlig.com
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396

**ATTORNEYS FOR DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 41**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Notice of Removal** was served upon all parties to this action, by causing the same to be deposited in the United States Mail, postage prepaid, this 30th day of July 2014, addressed as follows:

Mark A. Jess
Christie Jess
John J. Ziegelmeyer III
EMPLOYEE RIGHTS LAW FIRM
Law Firm of Mark A. Jess, LLC
Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639

ATTORNEYS FOR THE PLAINTIFFS

Anthony B. Byergo
Renee L. Duckworth
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111

ATTORNEYS FOR DEFENDANT YRC FREIGHT

The undersigned further certifies that a copy of the foregoing Notice of Removal was filed electronically in the Circuit Court of Jackson County, Missouri using the Missouri eFiling System this 30th day of July 2014.

                                          /s/ Carol A. Krstulic
                                          Carol A. Krstulic

18560928.1