IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARK CLARK and )
WILLIAM PERSON, )
                  Plaintiffs, )
                  v. ) Case No. 4:14-cv-00668-FJG
YRC FREIGHT and )
INTERNATIONAL BROTHERHOOD )
OF TEAMSTERS LOCAL 41, )
                  Defendants. )

## ORDER

Pending before the Court are (1) Defendant International Brotherhood of Teamsters Local 41's Motion to Dismiss for Failure to State a Claim (Doc. No. 7); (2) Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. 17); (3) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 31); and (4) Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 44). All will be considered, below.

### I. Background

Plaintiffs filed the instant case on June 23, 2014 in the Circuit Court of Jackson County, Missouri. Plaintiffs named as defendants their former employer, YRC Freight, as well as their union, International Brotherhood of Teamsters Local 41 (hereafter, "Union"). Plaintiffs' initial petition made claims for (1) race discrimination and/or retaliation under the MHRA; (2) age discrimination in violation of the MHRA; and (3) disability/perceived disability discrimination in violation of the MHRA. In the original state court petition, plaintiffs' only allegation against the defendant Union is in paragraph 41, which states: "Plaintiffs were not properly represented by their Agent Ron Cole."

Mr. Cole represented the plaintiffs in their grievance proceedings after their termination from employment with YRC Freight. Petition, ¶¶ 37, 39.

On July 30, 2014, the Union removed this action to federal court, indicating that plaintiffs' claims against it under the MHRA are completely preempted by Section 9(a) of the National labor Relations Act ("NLRA"), 29 U.S.C. § 159(a). Defendant Union argued that plaintiffs' allegation against the Union (that Agent Ron Cole did not properly represent them in their grievance proceedings) constitutes an alleged violation of the exclusive "duty of fair representation" that arises by virtue of the Union's authority under NLRA Section 9(a) to act as the exclusive bargaining agent of the bargaining unit of which plaintiffs are members. See Breininger v. Sheet Metal Workers Int'l Ass'n Loal Union No. 6, 493 U.S. 67, 83-84 (1989). Defendant Union noted in its notice of removal that federal labor law completely preempts all state law claims premised on a union's performance of its exclusive federal rights and duties its members. See Vaca v. Sipes, 386 U.S. 171, 177 (1967). Plaintiffs did not file a motion to remand.

Thereafter, on August 6, 2014, defendant Union filed a motion to dismiss for failure to state a claim (Doc. No. 7), arguing that (1) plaintiffs' petition fails to meet the minimum pleading standards established by the Supreme Court; (2) plaintiffs' MHRA claims are completely preempted by the duty of fair representation under Section 9(a) of the National Labor Relations Act ("NLRA") and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185; and (3) plaintiffs fail to plead the necessary elements for a cognizable claim against the Union under the NLRA and LMRA.

In response to defendant Union's motion to dismiss, plaintiffs did not address the preemption issues at all, and instead filed a motion for leave to file a first amended complaint (Doc. No. 17). Plaintiffs' proposed first amended complaint adds the following

allegation against the Union: "Local 41 would not allow plaintiffs to present evidence and witness information at their termination hearing. Upon information and belief, this evidence would have been exculpatory for the Plaintiffs, as it involved Caucasian drivers, guilty of the same offenses, but being treated differently than plaintiffs, in that they retained their positions, where Plaintiffs were taken out of service." Doc. No. 17-1, ¶ 42. Defendant Union, in its opposition to plaintiffs' motion for leave to amend, notes (1) the MHRA claims remain preempted by the NLRA and the LMRA; (2) any LMRA and NLRA claims are barred by the statute of limitations; and (3) even if plaintiffs' claims were not preempted, plaintiffs' proposed amended complaint fails to state a discrimination claim against the Union.

On December 5, 2014, plaintiffs filed a second Motion for Leave to File an Amended Complaint (Doc. No. 31), adding a claim under 42 U.S.C. § 1981 against both defendants, alleging that defendants "engaged in a pattern and practice of intentional discrimination against Plaintiffs," (Doc. No. 31-1, ¶ 57), creating "an intimidating, hostile and offensive working environment," (id. at ¶ 58). Plaintiffs do not plead facts giving examples of what each defendant did that could be considered workplace harassment based on race. Plaintiffs continue to plead claims under the MHRA against both defendants. On January 9, 2015, defendants YRC Freight and the Union filed opposition to the motion for leave to file second amended complaint (Doc. Nos. 36 and 37). Defendant YRC Freight indicates that plaintiffs' claim under 42 U.S.C. § 1981 would be futile, as plaintiffs have not pled any underlying factual support for such a claim. Defendant Union continues to argue that the MHRA claims are preempted by the LMRA and the NLRA, and further argues that the hostile work environment claims under 42 U.S.C. § 1981 fail because (a) plaintiffs fail to allege facts as to how the Union

3
Case 4:14-cv-00668-FJG   Document 49   Filed 03/11/15   Page 3 of 12

participated in the creation of a hostile work environment, and (b) the union, as opposed to an employer, has no duty under 42 U.S.C. § 1981 to remedy a hostile work environment.

After moving for an extension of time to reply to the motion for leave to file a second amended complaint, plaintiffs filed their reply suggestions (Doc. No. 43) and a motion for leave to file a third amended complaint (Doc. No. 44). In plaintiffs' reply brief, plaintiff for the first time addresses the preemption issue, indicating that plaintiffs' 42 U.S.C. § 1981 claims would not be preempted by the breach of the duty of fair representation. Plaintiffs do not respond to the issue raised by defendant Union as to the MHRA claims being completely preempted by the NLRA and LMRA; throughout plaintiffs' briefing, this issue has been ignored. Plaintiffs also indicate in their reply suggestions that "Both Defendants, however, make good arguments that Plaintiffs' proposed Second Amended Complaint requires additional factual detail. Accordingly Plaintiffs are simultaneously filing their motion for leave to file a Third Amended Complaint to address the short-comings identified by Defendants." Doc. No. 43, p. 1.

In plaintiffs' motion for leave to file a third amended complaint (Doc. No. 44), plaintiffs state, "Because of the complexity regarding the matters of state law preemption and the National Labor Relations Act, Plaintiffs are in need of additional time, outside that of which was in the original scheduling Order to respond to issues presented to date." Doc. No. 44, p. 1. In plaintiffs' proposed third amended complaint, plaintiffs assert the following claims: (1) Count I – Race Discrimination and/or

Retaliation against Defendants[1] Under Section 1981; (2) Count II - Race Discrimination/Retaliation in Violation of Section 1981 against defendant Union; and (3) Count III – Hostile Work Environment in Violation of Section 1981 against defendant YRC Freight.  Plaintiffs do not plead any MHRA claims in the proposed third amended complaint.

In response to plaintiffs' motion for leave to file a third amended complaint, defendants Union and YRC Freight filed opposition (Doc. Nos. 46 and 47, respectively). Defendant Union points out that, under the Court's Scheduling and Trial Order (Doc. No. 22), the deadline to file a motion to amend pleadings was December 5, 2014, more than two months before plaintiffs filed their most recent motion for leave to amend. Defendant Union notes that once the deadline established by a scheduling and trial order has passed, such a deadline will only be extended upon a good cause finding by the Court.  Local Rule 16.3.  Defendant Union argues that no good cause has been shown to extend the scheduling order deadline, and plaintiffs' arguments that they need additional time to address preemption issues and the NLRA are specious, given that those arguments were raised by defendant Union in its removal papers, filed in July 2014.  Defendant Union also notes that arguments regarding the sufficiency of the pleadings were raised in August 2014.  Therefore, defendant Union argues that plaintiffs were not diligent in attempting to state their claims against the Union.  Similarly, defendant YRC Freight notes that the motion for leave to file a third amended complaint was filed well past deadline in the scheduling order.  Defendant YRC Freight argues that the proposed third amended complaint, moreover, is a complete departure from the

---

[1] Although plaintiffs state "Defendants" in this count, it is apparent from the allegations that Count I of the proposed third amended complaint is against defendant YRC Freight only.

allegations stated in the original state court petition, given that the original petition made claims under the MHRA related to plaintiffs' termination from employment, and the proposed third amended complaint makes claims under 42 U.S.C. § 1981 for a racially hostile work environment which are unrelated to plaintiffs' termination.

**II.    Standard**

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

Rule 15 directs courts to grant leave to amend "freely ... when justice so requires."  While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment. Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir. 2006). A proposed amendment is futile if it could not withstand a motion to

dismiss for failure to state a claim. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir.2010). Furthermore, when a motion for leave to amend is filed after the deadline set forth in the Court's scheduling and trial order, Rule 16(b) comes into play.

> The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. In Popoalii [v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir.2008)], we stated that '[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.' 512 F.3d at 497 (citing Rule 16(b)(emphasis added)). Moreover, we said so in the context of a discussion of the Rule 15 amendment standard, unmistakably concluding that Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).... When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional.

Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir.2008).

### III. Discussion

    A.    Motion to Dismiss (Doc. No. 7)

With respect to defendant Union's motion to dismiss the original state court petition (Doc. No. 7), it is clear that plaintiffs failed to plead sufficient factual detail to sustain a claim against the union under the MHRA, and for that reason alone the motion to dismiss could be granted. The one allegation of wrongdoing against the defendant Union is in paragraph 41 of the petition, which states: "Plaintiffs were not properly represented by their Agent Ron Cole." No factual detail beyond that statement is supplied at all, and such pleading is obviously insufficient under the standards set forth in Iqbal and Twombly. Nonetheless, the Court will examine plaintiffs' various motions for leave to file amended complaint in order to determine whether plaintiffs ought to be granted leave to amend.

B. Motion for Leave to File First Amended Complaint (Doc. No. 17)

Plaintiff's motion for leave to file a first amended complaint (Doc. No. 17) will be **DENIED AS MOOT** as plaintiffs timely moved to file a second amended complaint.

C. Motion for Leave to File Second Amended Complaint (Doc. No. 31)

As discussed previously, plaintiffs filed a second Motion for Leave to File an Amended Complaint (Doc. No. 31) in December 2014, adding a claim under 42 U.S.C. § 1981 against both defendants, alleging that defendants "engaged in a pattern and practice of intentional discrimination against Plaintiffs," (Doc. No. 31-1, ¶ 57), and creating "an intimidating, hostile and offensive working environment," (id. at ¶ 58). Plaintiffs also continue to assert claims under the MHRA against both defendants.

With respect to the Section 1981 claims, as discussed earlier, plaintiffs do not plead facts demonstrating workplace harassment or hostile work environment based on race. Instead, plaintiffs' proposed second amended complaint contains nothing more than conclusory assertions that plaintiffs were harmed by defendants in some unspecified way. Therefore, the Court finds that the 42 U.S.C. § 1981 claims pled against both defendants in the proposed second amended complaint are futile. See Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir.2010).

With respect to the MHRA claims, defendant Union maintains that such claims are preempted by the LMRA and the NLRA. Plaintiffs, as of the date of this Order, have never responded to defendant Union's contention that the MHRA allegations against its agent, Ron Cole, sound under the duty of fair representation established by the Union's collective bargaining agreement and are therefore preempted by the LMRA and the NLRA. After review of the proposed second amended complaint, the Court agrees with defendant Union. The allegations against the Union in this matter are:

- The Union's agent, Ron Cole, advised plaintiffs not to write a statement when defendant YRC took them out of service (Doc. No. 31-1, ¶ 31)

- "The union effectively allowed YRC to break a working agreement with the Plaintiffs, which as a result, denied them the pay and mileage associated with the trip back from Reno." (Doc. No. 31-1, ¶ 33)

- "The Joint Area Committee made the decision to uphold the company's decision to terminate Plaintiffs. Plaintiffs were not properly represented by their Agent Ron Cole." (Doc. No. 31-1, ¶ 41)

- "Local 41 would not allow plaintiffs to present evidence and witness information at their termination hearing. Upon information and belief, this evidence would have been exculpatory for the Plaintiffs, as it involved Caucasian drivers, guilty of the same offenses, but being treated differently than Plaintiffs, in that they retained their positions, where Plaintiffs were taken out of service." (Doc. No. 31-1, ¶ 42)

All of these allegations relate to the Union's representation of plaintiffs during their grievance proceedings, and fall within the duty of fair representation, Section 9(a) of the National Labor Relations Act, ("NLRA"), 29 U.S.C. § 159(a). The Supreme Court has held that duty of fair representation claims under the NLRA completely preempt state law claims for the same actions. See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67 83-84 (1989); see also Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149, 1158 (10th Cir. 2000) (holding that a claim that a union violated state law by agreeing with an employer to discriminate based on plaintiff's religious beliefs was within the scope of the union's federal duty of fair representation, and was therefore preempted by federal law); Pitts v. Plumbers and Steamfitters Local

9

Union No. 33, 718 F.Supp. 2d 1010, 1018-19 (S.D. Iowa 2010) (citing multiple cases holding that state-law discrimination claims against unions are preempted by and removable due to the duty of fair representation).

Moreover, the statute of limitations on a claim for breach of the duty of fair representation under the NLRA is six months. See 29 U.S.C. § 160(b); DelCostello v. Int'l Broth.. of Teamsters, 462 U.S. 151, 169-71 (1983). The statute "begins to run when an employee knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations." Arnold v. Air Midwest, Inc., 100 F.3d 857, 860 (10th Cir. 1996); see also Schuver v. MidAmerican Energy Co., 154 F.3d 795, 800 (8th Cir. 1997) (same). Here, plaintiffs knew or should have known any facts constituting a breach of the duty of fair representation on June 11, 2013, the date of the Joint Area Committee hearing for both plaintiffs (and where they allege they were not properly represented by the union agent). See Proposed Second Amended Complaint, ¶ 40. Therefore, because this lawsuit was filed on June 23, 2014, more than a year after that hearing took place, any claims related to the duty of fair representation are time-barred.

Accordingly, for all the reasons stated above, plaintiffs' proposed second amended complaint is futile, and plaintiffs' motion for leave to amend (Doc. No. 31) will be **DENIED.**

D.  Motion for Leave to File Third Amended Complaint (Doc. No. 44)

The Court will **DENY** plaintiffs' motion for leave to file a third amended complaint, which motion was filed two months after the deadline established in the scheduling and trial order. Plaintiffs have not demonstrated good cause for the Court to amend the deadlines set out in the scheduling and trial order; in fact, even though defendant

Union's response to the motion for leave to file a third amended complaint pointed out plaintiffs' failure to establish good cause, plaintiffs do not even address the good cause standard at all in their reply suggestions and instead remain focused on the more lenient standard established by Rule 15 (see Doc. No. 48).

Moreover, the arguments set forth in plaintiffs' briefs as the reasons they request leave to file a third amended complaint out of time do not establish good cause. Plaintiffs indicate that the defendants "make good arguments" that "additional factual detail" is needed in their complaints (Doc. No. 43, p. 1), and "[b]ecause of the complexity regarding the matters of state law preemption and the National Labor Relations Act, Plaintiffs are in need of additional time, outside that of which was in the original scheduling Order to respond to issues presented to date." Doc. No. 44, p. 1. Neither of these arguments demonstrates good cause for amending deadlines established by the scheduling and trial order. Plaintiffs' counsel ought to be aware of the amount of factual detail required under the standards established by Iqbal and Twombly; certainly, after defendant Union filed its motion to dismiss in August 2014, plaintiffs ought to have been aware of the standards. Moreover, plaintiffs were on notice at the time the case was removed, in July 2014, that defendant Union was raising arguments regarding state law preemption and the National Labor Relations Act. Plaintiffs have delayed in responding to the arguments raised by defendant Union, and this Court will not reward that delay by allowing plaintiffs to file motions to amend the complaint beyond the deadline established by the scheduling and trial order. Therefore, plaintiffs' motion for leave to file a third amended complaint (Doc. No. 44) is **DENIED**.

**IV.    Conclusion**

Accordingly, for the above-stated reasons:

(1) Defendant International Brotherhood of Teamsters Local 41's Motion to Dismiss for Failure to State a Claim (Doc. No. 7) is **GRANTED**, and all claims against defendant International Brotherhood of Teamsters Local 41 are **DISMISSED**;

(2) Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. 17) is **DENIED AS MOOT**;

(3) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 31) is **DENIED**; and

(4) Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 44) is **DENIED**.

**IT IS SO ORDERED**.

Date: March 11, 2015                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                               Fernando J. Gaitan, Jr.
                                                    United States District Judge